Smith, C. J.
As to the question saved on the third issue. It comes within the principle of a case decided at the Law Term, in Grafton, December, 1813, Mary Atwood, adm'x, v. Nath. Rix, which was assumpsit on a promissory note made by Rix to Moses Atwood, the intestate. The defendant pleaded in bar, among other pleas, that no letters of administration upon the goods or estate of Moses Atwood had been issued to the plaintiff by any probate court within this State. Plaintiff *366 demurred, and defendant joined in demurrer. The plea in bar was adjudged good.
We are sensible that it has formerly been the usage, in this State, to admit administrators appointed in other States, particularly in Massachusetts, to sue here. This -usage, doubtless, arose from an agreement of the four New England colonies (New Hampshire was then a part of Massachusetts) made in the year 1648. This usage, when confined to Massachusetts, or perhaps to New England, would, in many cases, be very convenient. But the legislative regulations of the office and duty of administrators, their powers and their duties, are such as to make it indispensably necessary that the administrator should derive his authority from the laws of the State. On these accounts, Massachusetts now refuses to permit administrators appointed out of the Commonwealth to prosecute or defend actions. It would be unreasonable, on our part, to permit theirs to have greater privileges than the courts of that State concede to ours. It was originally a matter of comity ; and, when the reason for it ceases, the courtesy ought to cease with it.
(See 5 Binn. 381. S. C. of Pennsylvania refuses to recognize a discharge of a debtor under the insolvent laws of the District of Columbia, as exempting the body from arrest; because the courts of Columbia would not reciprocate the rule, and.the rule of the Pennsylvania court is to pay the same regard to the insolvent laws of their sister States which the courts of such States pay to the insolvent laws of Pennsylvania. 5 Binn. 385.)
[After referring to the forms of pleading and judgment, the opinion discusses another point, omitted in this report.]
After the delivery of the opinion, the plaintiff became non-suit.[1]

 S. P. Sabin v. Gilman, 1818, 1 N. H. 193. And see Taylor v. Barron, 1857, 35 N. H. 484, and cases cited on p. 496; and Leonard v. Putnam, 1871, 51 N. H. 247.
As to the former custom, compare Riley v. Riley, 1808, 3 Day (Conn.), 74, 80, 89. See also extracts from Manuscript Treatise on Probate Law, post.
For a recent limitation of the general doctrine that a foreign ad minis *367 trator cannot sue, see Purple v. Whithed, 1876, 49 Vt. 187, where it was held, that an administrator appointed in Massachusetts may bring suit, in Vermont, against a non-resident defendant, on a note payable generally, and may attach, by trustee process, a credit due to the defendant from a resident of Vermont.